MINNESOTA LOAN & TRUST CO. *v.* COLE.

1. CORPORATIONS — CONVEYANCE WITHOUT NOTICE TO MAJORITY STOCKHOLDERS VOID.

Where the owner of 49 per cent. of the stock of a poultry farm corporation, who resided on the farm and operated it, caused the corporation to deed the farm to her without notice to the other stockholders, said deed was void and invested her with no title.

2. WITNESSES — TESTIMONY AS TO MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED BARRED.

In a suit by the executor of a deceased stockholder in a

[1]Corporations, 14 C. J. § 1323 (Anno); [2]Witnesses, 40 Cyc. p. 2312.

poultry farm corporation to set aside a deed of the farm by the corporation to the holder of 49 per cent. of the stock, and for an accounting, testimony by the defendant, in support of her cross-bill for affirmative relief, as to her dealings with deceased tending to show that he fraudulently induced her to incorporate and convey the farm to the corporation, telling her she would still be the owner, and that he induced her to give him a controlling interest in the corporation, without paying anything therefor, was barred as being equally within the knowledge of the deceased.

3. CORPORATIONS — CANCELLATION OF INSTRUMENTS — DEEDS — EXECUTORS AND ADMINISTRATORS.

In a suit by the executor of a deceased stockholder in a poultry farm corporation to set aside a deed of the farm by the corporation to the holder of 49 per cent. of the stock, and for an accounting, the decree of the court below in favor of plaintiff, *held*, justified by the record.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 21, 1927.    (Docket No. 156.)    Decided June 6, 1927.

Bill by the Minnesota Loan & Trust Company, executor of the estate of William R. McKenzie, deceased, and another against Helen G. Cole and the Washtenaw Poultry Farms to set aside a deed, and for an accounting.    From a decree for plaintiffs, defendants appeal. Affirmed.

*Younglove & Chockley,* for plaintiffs.

*Harry H. Wait,* for defendants.

SNOW, J.    The Washtenaw Poultry Farms were organized as a corporation in September, 1919, for the purpose of raising and dealing in poultry and eggs. The capital stock was fixed at $10,000, divided into 100 shares of the par value of $100 each.    The defendant Helen G. Cole subscribed for 49 shares, W. R.

³Corporations, 14a C. J. § 2459 (Anno).

McKenzie, plaintiffs' decedent, 50 shares, and William Hochrein 1 share.   Hochrein afterwards assigned his share to McKenzie's wife.   The articles of association were signed and acknowledged by the above named stockholders, and stated that all of the capital stock had been paid in cash.

Mrs. Cole was then a woman 32 years of age, well educated and self reliant.   She had been for a number of years a professional shopper and detective in some of the large department stores in Detroit, and earned from $40 to $50 per week.   She owned her home and rented portions of it, thereby bringing additional income.   She also received alimony from her divorced husband.

In 1917, William R. McKenzie became a roomer at her home.   He was a lumber salesman and some 25 years the senior of Mrs. Cole.   They became very friendly, and he advised her in the conduct of her business affairs.   Acting upon his advice, she sold her home in Detroit and bought a farm in Salem township, Washtenaw county, for $4,500, and moved onto it with her sister and aged father.

Mr. McKenzie now being deceased, and the testimony of Mrs. Cole being thereby greatly restricted, there is an absence of competent proof of just what followed this purchase.   But in effect Mrs. Cole claims she bought and stocked the farm herself and with her own money, erected buildings, made improvements, and operated it.   She says that shortly after moving onto it, Mr. McKenzie, who visited her there, urged her to incorporate; that she did not understand corporations or their management, but yielded to his importunities to form a corporation after he had told her that it would make no difference with her ownership of the farm.   She executed the articles of association and took part in all the affairs of the corporation, but insists she never understood about it or had any

idea that the farm did not belong to her individually. She continued to operate the farm with indifferent success, Mr. McKenzie coming there once in a while, until April, 1922, when McKenzie died at Los Angeles, California. In August following his death, without notice to any of the other stockholders, she caused the corporation to deed her the farm. McKenzie's executor, the Minnesota Loan & Trust Company, after learning of this action, filed a bill to set aside this deed and for an accounting by Mrs. Cole of all corporate matters.

Mrs. Cole filed an answer and cross-bill praying affirmative relief. She charges the corporation and its organization to have been a fraud upon her rights. She says McKenzie never put a dollar into the corporation and has no interest in it; that his stock was secured by fraud and should be held void, and all interests in the corporation decreed to her. The plaintiffs deny her allegations, claim McKenzie put actual cash into the corporation to the amount of his stock, and ask that the cross-bill be dismissed.

The decree was in favor of the plaintiffs, setting aside the deed from the corporation to Mrs. Cole, and ordering her to file with the court a full detailed account of the rents and profits derived from the farm since August 14, 1922. The defendants have appealed.

The deed of the farm from the corporation to Mrs. Cole is void, and invested her with no title. The action of the corporation was clearly illegal. Fifty-one per cent. of the stockholders had no notice of the special meeting at which the action was taken. Her counsel conceded upon the trial her willingness to reconvey, and we do not understand any claim of right to retain the farm is being made in this court. This leaves only the question of whether or not the proofs warrant granting the relief asked in her cross-bill.

As intimated, because of the inhibition of Mrs. Cole to testify to matters equally within the knowledge of the deceased McKenzie, but little, if any, competent evidence was offered to substantiate her charges. Offer of testimony by her of dealings with the deceased was seasonably objected to. It was for the most part properly excluded. It was not competent for her to testify that McKenzie by fraud and deceit induced her to form the corporation and to give him a controlling interest in its stock. Neither was it competent for her to testify that he never put any money into the enterprise. Nor was it competent for her to testify he induced her to deed the farm to the corporation and told her she would still be the owner notwithstanding the deed. These things he knew about as well as she. They were not proven by other witnesses not inhibited by statute from testifying. She has therefore failed to sustain her claim.

As we read the record, we are impressed that there is much of truth in her claim that McKenzie was a meddler in her affairs. He did none of the work on the farm and he visited it but infrequently. He told neighbors he had nothing to do with it and that she owned it. But, excluding her testimony as we must, the proof is lacking that will enable us to determine as a matter of fact that he fraudulently urged her into the corporation, put no money into it, and appropriated half of the stock to himself without her knowledge or consent.

We are constrained, therefore, to sustain the decree of the lower court. Further accounting may there be had and a final decree entered accordingly. Plaintiffs are entitled to costs.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.